**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHIA CHI HO,

     Plaintiff,

     v.

UNIVERSITY OF CINCINNATI, et al.,

     Defendant.

Case No. 1:25-cv-414

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.      Background**

Plaintiff Chia Chi Ho seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Pursuant to local practice, the motion has been referred to the undersigned magistrate judge.

**II.     Analysis**

In her application to proceed without payment of a filing fee and accompanying tendered complaint, (Doc. 1-1), Plaintiff represents that she was a salaried tenured professor at the University of Cincinnati in the Chemical and Environmental Engineering Department until February 21, 2025, at which time she alleges that she was wrongfully terminated from her employment. She has left blank a question about how much she earned in her former position, but her tendered complaint alleges that she was employed for 24 years. Returning to her *in forma pauperis* affidavit, she states that she has approximately $48,000 on hand in a "savings, checking, or other account" in addition to retirement savings. (Doc. 1, PageID 3). She responds "yes" to a question of whether she owns real estate, stocks, bonds, notes, automobiles and other valuable property, listing

a "car," a residence located at 8059 Meadowcreek Drive in Cincinnati, Ohio, "personal belongings" and "retirement," but leaving blank any information about their respective values. (*Id.*) Plaintiff represents that her creditors include her credit card bills of an unspecified amount, as well as a home equity loan.

Based on Plaintiff's statements, the undersigned is unable to conclude that Plaintiff's assets are insufficient to provide herself with the necessities of life and still have sufficient funds to pay the full filing fee of $405.00 to institute this action. *See Adkins v. E.I. DuPont De Nemours & Co., Inc*., 335 U.S. 331, 339 (1948). Therefore, Plaintiff's motion to proceed *in forma pauperis* should be denied. *See also*, *generally*, *Stansberry v. Police Department (Springdale OH* 1:23-cv-06-JPH-SKB (Doc. 22, Sept. 29, 2023 Order denying in forma pauperis motion based on statements that Plaintiff had between $8,000 and $10,000 in his bank accounts and could likely pay the full filing fee).

The undersigned further notes that because Plaintiff is not entitled to file her complaint in forma pauperis, the complaint has not been filed of record or screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is legally frivolous for failure to state a claim.

### III.    Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion to proceed in *forma pauperis* (Doc. 1) be DENIED;

2. If this recommendation is adopted, Plaintiff should be GRANTED an EXTENSION OF TIME of thirty (30) days from the date of any Order adopting the Report and Recommendation to pay the required filing fee of $405.00. Plaintiff should be notified that her complaint will not be deemed "filed" until the

appropriate filing fee is paid, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), and that if she fails to pay the filing fee within thirty (30) days this matter will be closed.

 s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHIA CHI HO,

      Plaintiff,

      v.

UNIVERSITY OF CINCINNATI, et al.,

      Defendant.

Case No. 1:25-cv-414

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4