UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

RECEIVED JUN 20 2025
RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

**CHIA-CHI HO,**
8059 Meadowcreek Dr.
Cincinnati, OH 45244

*Plaintiff,*

v.

**UNIVERSITY OF CINCINNATI,
ANASTASIOS ANGELOPOULOS
MATT SERRA
KASEY UNDERWOOD**

2600 Clifton Ave

Cincinnati, OH 45220

*Defendants.*

Case No. 1:25 CV 414

J. HOPKINS

M.J. BOWMAN

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Plaintiff Dr. Chia-Chi Ho brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Title IX of the Education Amendments of 1972, seeking damages and injunctive relief for Defendants' violations of her federal constitutional and statutory rights.

**JURISDICTION AND VENUE**

**1.** This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

**2.** Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendants reside in this judicial district and the events giving rise to this action occurred in this judicial district.

**3.** Plaintiff seeks monetary damages, injunctive relief, declaratory relief, and attorney's fees under 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794a, and 20 U.S.C. § 1688.

**PARTIES**

**4.** Plaintiff Dr. Chia-Chi Ho is a resident of Cincinnati, Ohio, and was employed as a tenured professor in the Chemical and Environmental Engineering Department at the University of

Cincinnati for 24 years until her wrongful termination on February 21, 2025. She is the first female faculty member to receive tenure, the first to be promoted to professor, and the only female professor in Chemical Engineering.

**5.** Defendant University of Cincinnati ("UC" or "University") is a public university and instrumentality of the State of Ohio that receives federal funding, with its principal place of business in Cincinnati, Ohio.

**6.** Defendant Anastasios Angelopoulos is the Unit Head of the Chemical and Environmental Engineering Department and is sued in his individual and official capacities.

**7.** Defendant Matt Serra is a University administrator who participated in the investigation and termination proceedings and is sued in his individual and official capacities.

**8.** Defendant Kasey Underwood is a University administrator and is sued in her individual and official capacities. She played a central role in encouraging Dr. Ho to come forward with Title IX complaints while simultaneously failing to protect her from retaliation.

**FACTUAL ALLEGATIONS**

**Employment History and Disability**

**9.** Dr. Ho was employed as a professor at UC for 24 years and was the first female tenured professor in the Chemical and Environmental Engineering Department.

**10.** Dr. Ho maintained an excellent teaching record for 21 years before 2021 and was elected as a Fellow of the Academy of Teaching and Learning, one of the highest honors in teaching excellence.

**11.** Dr. Ho was diagnosed with retinal detachment, had Neovascular AMD and Myopic Degeneration, resulting in permanent blind spots and reduced visual acuity, as documented by Dr. Jillian Zimmer on June 21, 2024.

**12.** Dr. Ho's visual impairments constitute a disability under the Americans with Disabilities Act, 42 U.S.C. § 12102, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 705.

**Failure to Accommodate Disability**

**13.** On May 7, 2023, Dr. Ho submitted an ADA Job Accommodation Request requesting reasonable accommodations, including Dragon speech-to-text software to assist with her visual impairments.

**14.** The University failed to implement the requested accommodations promptly and instead initiated an investigation into Dr. Ho's teaching before providing any accommodation.

**15.** Dr. Ho submitted another accommodation request in April 2024, but the University did not provide the requested accommodations until November 2024, three months after proposing her termination on August 2, 2024.

**16.** The University's failure to accommodate Dr. Ho's disability directly impacted her ability to communicate effectively and directly contributed to the circumstances for which she was terminated.

### Title IX Protected Activities and Kasey Underwood's Role

**17.** Dr. Ho filed a Title IX complaint against her ex-husband, Dr. Carlos Co (a faculty member in the same department), and later against Department Head Dr. Anastasios Angelopoulos.

**18.** Defendant Kasey Underwood, together with the Title IX Coordinator, actively encouraged Dr. Ho to come forward with her Title IX complaints, assuring her that she would be protected from retaliation.

**19.** Despite Underwood's assurances and legal obligations, the University failed to properly investigate Dr. Ho's Title IX complaint as required by federal law. It was unable to protect her from the apparent retaliation that followed.

**20.** The University's handling of Dr. Co's case demonstrates the discriminatory treatment Dr. Ho received. After Dr. Ho's complaint, Dr. Co was suspended but was subsequently reinstated without a proper investigation, while Dr. Ho faced escalating retaliation for filing the complaint and a civil lawsuit.

**21.** Dr. Ho filed formal complaints with the U.S. Department of Education, Office for Civil Rights (OCR), including:

- February 26, 2024 (OCR Docket Number 15242117)
- May 9, 2024 (OCR Docket Number 15242212)
- August 29, 2023 (OCR Case Number 15-23-2236)
- July 1, 2024 (OCR Case Number 15-24-2251)
- December 6, 2024 (OCR Case Number 15-25-2043)
- February 24, 2025 (OCR Case Number 15-25-2115)
- April 1, 2025 (OCR Case Number 15-25-2144)

### Pattern of Retaliation and Disparate Treatment

**22.** Following Dr. Ho's Title IX complaints, the University engaged in a clear pattern of retaliation, including disparate treatment compared to male faculty members.

**23.** The University permitted Dr. Carlos Co (Dr. Ho's ex-husband) to teach his entire semester online without any disciplinary action, while simultaneously initiating disciplinary proceedings against Dr. Ho for teaching just one class remotely.

**24.** More egregiously, after Dr. Ho's Title IX complaint resulted in Dr. Co's suspension, the University reinstated him without conducting a thorough investigation, demonstrating preferential treatment for the male faculty member who was the subject of the complaint.

**25.** This disparate treatment demonstrates clear retaliatory intent based on Dr. Ho's protected activities under Title IX and the ADA, as well as gender-based discrimination.

**26.** On July 21, 2022, the Title IX office facilitated an agreement between Dr. Ho and Dr. Angelopoulos regarding teaching flexibility and accommodations, which the University subsequently disregarded.

### Sabbatical and False Accusations

**27.** In September 2022, Dr. Ho applied for and received approval for a sabbatical to "pursue study in the interface between technology and law."

**28.** Her Dean and the Provost approved this sabbatical application, with full knowledge of her intended activities.

**29.** Dr. Ho openly disclosed her law school attendance to faculty and students on professional platforms like LinkedIn.

**30.** The University administration was aware of Dr. Ho's law school attendance on or before May 6, 2024, as evidenced by Matt Serra's email exchange with the law school registrar.

**31.** Dr. Ho's sabbatical activities directly benefited the University through the development of a new "Engineering Law & Policy" course, the implementation of innovative teaching methods, and the creation of frameworks to strengthen UC's technology transfer capabilities.

### Improper Disciplinary Process and Due Process Violations

**32.** On May 6, 2024, the University initiated Article IX proceedings against Dr. Ho on her first day of class, alleging she taught remotely without approval.

**33.** The timing of this disciplinary action, immediately following her protected Title IX activities and while her disability accommodations remained unaddressed, demonstrates the retaliatory nature of the University's conduct.

**34.** After Dr. Ho immediately complied with the in-person teaching requirements, the University added new allegations regarding her sabbatical on May 15, 2024. The university falsely accused her of profiting from starting a company during her sabbatical.

**35.** On June 20, 2024, a grievance panel determined that a disciplinary letter against Dr. Ho was too severe, reducing it to a warning.

**36.** Despite this ruling, the University proceeded with termination proceedings for substantially similar allegations before Dr. Ho had a reasonable opportunity to implement improvements recommended in the warning letter.

**37.** The University proposed termination on August 2, 2024, one day before her sabbatical report was due, denying her the opportunity to submit this report and demonstrate the value of her sabbatical activities.

**38.** The University's termination decision violated progressive discipline principles, due process requirements, and established University procedures.

**39.** Throughout this process, Defendants acted in coordination to ensure Dr. Ho's termination, despite the lack of legitimate grounds and in apparent retaliation for her protected activities.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT TITLE II**

**(42 U.S.C. § 12132)**

**40.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

**41.** The University is a public entity subject to Title II of the ADA, 42 U.S.C. § 12131 et seq.

**42.** Dr. Ho has requested reasonable accommodations.

**43.** The University violated Title II of the ADA by:

- Failing to provide reasonable accommodations for Dr. Ho's disability despite timely requests and medical documentation;
- Using communication difficulties directly related to her disability as grounds for termination;
- Implementing a discriminatory review process that failed to account for her disability;
- Terminating her employment while denying necessary accommodations.

**44.** The University's actions were intentional and demonstrated deliberate indifference to Dr. Ho's rights under the ADA.

**45.** As a direct and proximate result of the University's violations, Dr. Ho has suffered and continues to suffer damages, including lost wages, benefits, emotional distress, and reputational harm.

**COUNT II: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

**(29 U.S.C. § 794)**

**46.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

**47.** The University receives federal financial assistance and is subject to Section 504 of the Rehabilitation Act.

**48.** Dr. Ho has requested reasonable accommodation.

**49.** The University violated Section 504 by discriminating against Dr. Ho based on her disability by:

- Failing to provide reasonable accommodations;
- Excluding her from participation in University programs and activities;
- Terminating her employment due to her disability.

**50.** The University's conduct was intentional and demonstrated deliberate indifference to Dr. Ho's rights.

**51.** As a direct and proximate result, Dr. Ho has suffered damages as described herein.

**COUNT III: TITLE IX RETALIATION**

**(20 U.S.C. § 1681)**

**52.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

**53.** The University receives federal financial assistance and is subject to Title IX.

**54.** Dr. Ho engaged in protected activity under Title IX by filing complaints of sex discrimination in 2021 and subsequently with the Office for Civil Rights.

**55.** Defendant Casey Underwood, who encouraged her to file a Title IX complaint, had a duty to protect Dr. Ho from retaliation after encouraging her to file complaints and failed in this fundamental obligation.

**56.** The University retaliated against Dr. Ho for her protected activities by:

- Initiating disciplinary proceedings following her Title IX complaints;
- Treating her differently from similarly situated male faculty members, including her ex-husband, who was the subject of her complaint;
- Escalating discipline despite her compliance with directives;
- Ultimately, she was terminated while the male faculty member she complained about was reinstated. The department head she complained about got promoted.

**57.** The University's retaliatory conduct violated 20 U.S.C. § 1681 and 34 C.F.R. § 106.71.

**58.** As a direct and proximate result, Dr. Ho has suffered damages as described herein.

**COUNT IV: SECTION 1983 CIVIL RIGHTS VIOLATION - PROCEDURAL DUE PROCESS**

**(42 U.S.C. § 1983 - Fourteenth Amendment)**

**59.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

**60.** Dr. Ho had a constitutionally protected property interest in her tenured position at the University.

**61.** Defendants deprived Dr. Ho of her property interest without due process of law by:

- Conducting a biased and predetermined investigation;
- Violating established University procedures and the Collective Bargaining Agreement;
- Proceeding with termination despite an earlier grievance panel's finding that discipline was too severe;
- Adding new charges after initial compliance to justify predetermined punishment.

**62.** Defendants' actions violated Dr. Ho's rights under the Fourteenth Amendment to the United States Constitution.

**63.** As a direct and proximate result, Dr. Ho has suffered damages as described herein.

**COUNT V: SECTION 1983 CIVIL RIGHTS VIOLATION - EQUAL PROTECTION**

**(42 U.S.C. § 1983 - Fourteenth Amendment)**

**64.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

65. Defendants, acting under state law, treated Dr. Ho differently than similarly situated individuals without a rational basis, violating the Equal Protection Clause of the Fourteenth Amendment.

66. Specifically, Defendants permitted Dr. Carlos Co to teach an entire semester online without discipline while subjecting Dr. Ho to disciplinary proceedings for teaching one class remotely.

67. More egregiously, after suspending Dr. Co following Dr. Ho's Title IX complaint, Defendants reinstated him without a proper investigation while simultaneously escalating disciplinary proceedings against Dr. Ho.

68. This disparate treatment was based on Dr. Ho's sex and/or her engagement in protected activities.

69. Defendants' actions lacked any rational basis and violated Dr. Ho's constitutional rights.

70. As a direct and proximate result, Dr. Ho has suffered damages as described herein.

## COUNT VI: SECTION 1983 CIVIL RIGHTS VIOLATION - FIRST AMENDMENT RETALIATION

**(42 U.S.C. § 1983 - First Amendment)**

71. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

72. Dr. Ho's Title IX complaints and OCR filings constitute protected speech under the First Amendment as they address matters of public concern regarding discrimination and misconduct in a public institution.

73. Defendants retaliated against Dr. Ho for her protected speech by subjecting her to increased scrutiny, disciplinary proceedings, and ultimately termination.

74. Defendants' retaliatory actions chilled Dr. Ho's exercise of her First Amendment rights.

75. The adverse employment actions were substantially motivated by Dr. Ho's protected speech.

76. Defendants' actions violated Dr. Ho's rights under the First Amendment to the United States Constitution.

77. As a direct and proximate result, Dr. Ho has suffered damages as described herein.

## COUNT VII: CONSPIRACY TO VIOLATE CIVIL RIGHTS

**(42 U.S.C. § 1983)**

**78.** Plaintiff incorporates all preceding paragraphs as if fully restated herein.

**79.** Defendants Angelopoulos, Serra, and Underwood, acting in concert and under color of state law, conspired to violate Dr. Ho's constitutional and statutory rights.

**80.** The conspiracy is evidenced by the coordinated nature of their actions, including:

- Timing of investigations following protected activities;
- Disparate treatment compared to male faculty, particularly Dr. Co;
- Underwood's failure to protect Dr. Ho despite encouraging her complaints;
- Addition of new allegations after initial compliance;
- Proceeding with termination despite grievance panel findings in June 2024;
- Coordinated efforts to justify predetermined punishment.

**81.** Defendants reached an understanding to violate Dr. Ho's rights and took overt acts in furtherance of the conspiracy.

**82.** As a direct and proximate result of this conspiracy, Dr. Ho has suffered damages as described herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Dr. Chia-Chi Ho respectfully requests that this Court:

**A.** Enter judgment in her favor on all counts;

**B.** Issue a permanent injunction ordering her immediate reinstatement to her tenured faculty position with full back pay and benefits;

**C.** Award compensatory damages for:

- Lost wages and benefits (past and future);
- Emotional distress and mental harm;
- Reputational harm and diminished earning capacity;
- Other economic and non-economic losses;

**D.** Award punitive damages against individual defendants for their willful violations of Dr. Ho's constitutional rights;

**E.** Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794a, and 20 U.S.C. § 1688;

F. Order Defendants to implement appropriate ADA accommodations and policies;

G. Issue declaratory relief that Defendants' actions violated federal law;

H. Grant such other and further relief as this Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

_____/s/ Chia-Chi Ho_____  *Chia Chi Ho*

**Chia-Chi Ho**
*Pro Se Plaintiff*
8059 Meadowcreek Dr.
Cincinnati, OH 45244


**Dated: _____6/20/2025_____**